1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7               FOR THE DISTRICT OF ARIZONA
8
9   Barbara Mezaki, etc.,                    )
                                             )    No. CV-06-1218-PCT-ECV
10                                           )
                                             )
11              Plaintiffs,                  )
                                             )    **ORDER SETTING RULE 16 CASE**
12  vs.                                      )    **MANAGEMENT CONFERENCE**
                                             )
13  Eurocopter, et al.,                      )
                                             )
14              Defendants.                  )
                                             )
15  _____ )

16          Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management

17  Conference is set for **June 19, 2006 at 9:30 a.m.** in Courtroom 304, Sandra Day O'Connor U.S.

18  Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2120.  In preparation for this

19  Case Management Conference, it is hereby ordered as follows:

20  INITIAL DISCLOSURES

21          The parties shall provide initial disclosures in the form and on the schedule required by

22  Federal Rule of Civil Procedure 26(a)(1).  The parties shall file with the Clerk of the Court a

23  Notice of Initial Disclosure; copies of the actual disclosures need not be filed.

24  RULE 26(f) MEETING AND CASE MANAGEMENT REPORT

25          The parties are directed to meet and confer at least 10 days before the Case Management

26  Conference as required by Federal Rule of Civil Procedure 26(f).  At this Rule 26(f) Meeting,

27  the parties shall develop a joint Case Management Report which contains the following

28  information in separately numbered paragraphs;

1.    The parties who attended the Rule 26(f) Meeting and assisted in developing the Case Management Report;

2.    A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense;

3.    A description of the principal factual and legal disputes in the case;

4.    The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]

5.    Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6.    A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 90 days after the Case Management Conference to join parties or amend pleadings):

7.    A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Civil Procedure 702, 703, 704, and 705);

8.    The status of related cases pending before other courts or other judges of this Court;

9.    A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures;

10.    A discussion of necessary discovery, including:

    a.    The extent, nature, and location of discovery anticipated by the parties;

    b.    Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LRCiv 16.2 of the Rules of Practice

---

[1]If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party.  *See* 28 U.S.C. § 1332.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principle place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides.  *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F. 2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

for the United States District Court for the District of Arizona ("Local Rules");

    c.    The number of hours permitted for each deposition, unless extended by agreement of the parties.

11.    Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

    a.    A deadline for the completion of discovery;[2]

    b.    Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure;

    c.    A deadline for completion of all expert depositions;

    d.    A deadline for filing dispositive motions;

    e.    A date by which the parties shall have engaged in good faith settlement talks.

12.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons);

13.    The estimated length of trial and any suggestions for shortening the trial;

14.    The prospects for settlement, including any request of the Court for assistance in settlement efforts such as a request that the matter be referred to another magistrate judge for a settlement conference; and

15.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

The parties shall jointly file the Case Management Report with the Clerk of the Court not less than seven days before the Case Management Conference.  It is the responsibility of Plaintiff to initiate the Rule 26(f) Meeting and preparation of the joint Case Management

---

[2]The discovery deadline is the date by which all discovery must be completed.  Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes.  Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

Report.  Defendants shall promptly and cooperatively participate in the Rule 26(f) Meeting and assist in preparation of the Case Management Report.

CASE MANAGEMENT CONFERENCE AND ORDER

The Court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Case Management Conference.  Counsel who will be responsible for trial of the lawsuit for each party shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed.  A continuance of the Case Management Conference will be granted only for good cause and will not be granted beyond the time limit set forth in Federal Rule of Civil Procedure 16(b).

The Court will enter a Case Management Order in the form appearing on the Court's website at www.azd.uscourts.gov under Judicial Officer Information and Judge Voss.  The Court fully intends to enforce the deadlines in the Case Management Order.  The parties should plan their litigation activities accordingly.

OTHER MATTERS

Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and Local Rules and to minimize the expense of discovery.

Counsel should ensure that all pleadings comply with LRCiv 7.1 and LR Civ 7.2.

The Clerk of the Court shall send copies of this Order to all counsel of record and to any parties appearing in propria persona.

DATED this 18th day of May, 2006.

Edward C. Voss
United States Magistrate Judge

- 4 -